FILED
SUPERIOR COURT
OF GUAM

2014 NOV 24 PM 5: 16

CLERK OF COURT

BY:____

## IN THE SUPERIOR COURT
## OF GUAM

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CM0431-14 |
| | ) | |
| | ) | |
| v. | ) | **DECISION AND ORDER** |
| | ) | |
| JORDAN ANDY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant's motion to dismiss was taken under advisement on September 2, 2014. The People are represented by Assistant Attorney General, Rogelio G. Batarao Jr. Defendant is represented by Assistant Public Defender Maria G. Fitzpatrick. Having considered the papers, pleadings and file herein, the Court now enters an order denying Defendant's requests.

## BACKGROUND

I.

On May 27, 2014, Defendant was charged with: 1) Family Violence, as a Misdemeanor, two counts and 2) Child Abuse as a Misdemeanor, two counts. The charges arise out of an alleged incident between Defendant and his girlfriend; where he punched his girlfriend multiple times on the head and back and where while intoxicated he drove a vehicle in which his two

minor children were passengers.

II.

On July 15, 2014, Defendant filed a motion to dismiss the second charge of the complaint. Mot. at 1. Citing 8 GCA § 15.20, and without any specific argument or analysis, Defendant asserts that the People's complaint and declaration fails to allege any facts which support the charge of child abuse and that there is no probable cause for the same. *Id.* at 1-3.

The People filed their opposition on August 27, 2014. Opp. at 1. Citing 8 GCA §§ 15.10 and 55.10, which regulate the form and content of complaints, as well as several U.S. Federal Ninth Circuit cases, the People argue that a complaint is generally sufficient when its allegations track the statutory wording upon which the charged is based. *Id.* at 2-3. The People assert that the complaint's charges mirror the relevant statutory language. *Id.* 4. The People further cite to the May 27, 2014, magistrate's finding of probable cause under the facts asserted herein and specifically refer to its assertions that Defendant drove the minor children in his car while intoxicated and punched the children's mother in head in their presence. *Id.* 4-5.

The Defendant did not file a paper in Reply.

## DISCUSSION

Pertinent to this discussion are two rules of the Guam Rule of Criminal Procedure. 8 GCA §§ 1.07(c) and 1.27 (2013). Subsection 1.07(c) of Title 8 of the Guam Code provides, "[i]f no procedure is provided by this Code or by rule, the court may proceed in any lawful manner not inconsistent with its own rules or with any applicable statute." *Id.* at § 1.07(c). Additionally Section 1.27 of the same provides,

> An application to the court for an order shall be by motion. A motion other than one made during a trial or hearing shall be in writing unless the court permits it to be made orally. It shall state the grounds upon which it is made and shall set forth the relief or order sought. It may be supported by affidavit.

*Id.* at § 1.27. On its face Section 1.27 mandates that all motions brought before the court meet a level of supported specificity. *Id.* A review of the papers filed by the Defendant reveals that he has failed to meet these requirements. see, *Lamb v. Hoffman*, 2008 Guam 2 ¶ 35.

Alternatively, 8 GCA § 15.10 mandates that complaints are subject to the same rules as indictments and 8GCA § 55.10 regulates the form of indictments. 8 GCA §§ 15.10 and 55.10 (2013). In 2006 the Guam Supreme Court explained that an indictment is sufficient where, "it contains the elements of the crime alleged, adequately informs the defendant of the crime to allow him to defend against the charges, and is stated with sufficient clarity to bar subsequent prosecution for the same offense." *Guam v. Jones*, 2006 Guam 13 ¶ 3. When analyzing sufficiency "[i]t is also well established that an indictment should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." *Id.* After reviewing the papers herein the Court finds that the complaint is sufficient under the above standard.[1] *Id.* The complaint tracks the appropriate statutory language, is sufficiently specific and provides adequate notice.

## CONCLUSION

Based on the foregoing, the Defendant's motion to dismiss is denied.

SO ORDERED, this ☒1 day of _Nov._ 2014.

SERVICE VIA COURT BOX
I acknowledge that a copy of the
Original hereto was placed in the
court box of:

AG, PDSC

Date: 11/24/14 Time: 5:30pm

Deputy Clerk, Superior Court of C...

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

---

[1] Defendant fails to assert any grounds upon which the Court might review the probable cause finding of the Superior Court Magistrate. Mot. 1-3. Accordingly the Court declines any further analysis of the assertion that the People's complaint lacks probable cause. *Id.*